VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 24-ENV-00044

| | |
|---|---|
| 1697 Brockways Mills Road Denial | MERITS DECISON |

This is an appeal of an April 25, 2024 Town of Rockingham Development Review Board decision denying Omar Martinez (Applicant) conditional use and site plan approval to construct a greenhouse on the property located at 1697 Brockway Mills Road in Rockingham, Vermont (the Property).

In this matter, Applicant is self-represented. The Town of Rockingham (Town) is represented by Attorney Stephen Ankuda. Neighboring landowners Donald and Mary Kay Taylor (Neighbors) are represented by Attorney Richard Bowen.

After denying motions to dismiss and for summary judgment, filed by the Neighbors and the Applicant, respectively, the Court conducted a one-day merits hearing on the Applicant's application on June 17, 2025, via the Webex platform.

### Statement of Questions

Applicant filed his original Statement of Questions on September 16, 2024, consisting of ten questions. Following discussion with the Court during a status conference on September 24, 2024, regarding the de novo nature of the proceedings before the Court and the extent of the Court's jurisdiction, Appellant file a revised Statement of Questions on October 9, 2024, consisting of five questions.

Applicant's revised Questions focus on whether his proposed greenhouse should be allowed as an accessory use or structure in the Rural Residential (RR-1) zoning district under the Town's Zoning Bylaws, whether the Town has allowed similar accessory structures in the RR-1 district in the past, and whether the greenhouse should be viewed as an agricultural use or structure, notwithstanding

its potential use for small-scale cannabis cultivation. Specifically, Applicant asks the Court to determine:

> 1. [ …] whether the … [Applicant's] greenhouse/agricultural structure qualifies as an accessory use under the Town of Rockingham Zoning Bylaws, particularly in the Rural Residential 1 (RR-1) zoning district, given that it is incidental and subordinate to the primary residential use of the Property?
> 2. […] whether the … [Applicant's] 1.8-acre lot meets the criteria for an accessory structure, given the prior approvals for accessory uses on smaller lots for agricultural purposes within the same zoning district, such as the permits for 593 Saxton's River Road (1.71 acres) and 426 Pleasant Valley Road (1.13 acres)?
> 3. […] whether the proposed greenhouse/agricultural structure on the … [Applicant's] 1.8-acre lot, intended for small-scale cannabis cultivation, aligns with the intent and purpose of the RR-1 zoning district, which supports rural residential living and accessory uses that are secondary to the primary residential use?
> 4. […] whether the … [Applicant's] proposed use should be approved, based on the undisputed facts and the applicability of the Town of Rockingham's bylaws to agricultural accessory structures, as argued in the Motion for Summary Judgment?
> 5. […] whether the …[Applicant's] small-scale cannabis cultivation within the proposed accessory structure is comparable to other permitted agricultural activities in the RR-1 zoning district and, therefore, qualifies as an acceptable accessory use?

Amended Statement of Questions (filed Oct. 9, 2024)

## Findings of Fact

1. The Applicant, Omar Martinez, is a tenant on property located at 1697 Brockways Mills Road, Rockingham, Vermont (Property). The Property is 1.8 acres in size and is owned by Highland Holdings, LLC. It is developed with a pre-existing 1620 square-foot single-family residence.

2. The Property is located in the RR-1 District as defined by the Town Zoning Bylaws. Stip. Ex. E.

3. On or about January 30, 2024, the Applicant prepared and filed a General Zoning Application and hand-drawn plan with the Rockingham Zoning Administrator proposing to build a new 20' x 60' greenhouse on the Property, with a fence surrounding it, as an accessory structure. Stip. Ex. A.

4. An "accessory use or structure" is a permitted use in the RR-1 district.

5. The Town has approved similar accessory structures in the RR-1 district in the past. Stip. Ex. F.

6. There is no reference to cannabis on the face of Applicant's application for a zoning permit.

7. Following discussion with the Applicant regarding his potential use of the proposed greenhouse to cultivate cannabis at some point in the future, the Zoning Administrator modified Applicant's application.[1]

8. In his administrative review of the application, the Zoning Administrator noted that "Applicant seeks to operate a Tier 2 Cannabis Cultivation Facility" on the Property and further found that "the [A]pplicant requests approval for adding a second principal use to the property under section 2540 of the zoning bylaws. The proposed secondary use is 'Agriculture.'"[2] Stip. Ex. B.

9. Section 2540 of the Zoning Bylaws states that "[t]here shall be only one principle building and one principle use on a lot unless otherwise approved under Section 1530 of this Regulation or unless approved as a conditional use by the Development Review Board."

10. The Zoning Administrator referred the application to the DRB for conditional use and site plan review.

11. Like the Zoning Administrator, the DRB found that the "application specifically requests approval for construction of a greenhouse and establishment of a tier 2 cannabis facility in and around a new greenhouse." Stip. Ex. C (F7).

12. The DRB denied the application, concluding that the Property contained insufficient acreage to support agriculture — which requires at least two acres under the Zoning Bylaws — as a second principal use. Stip Ex. C.

13. Applicant timely appealed to this Court.

14. Applicant's zoning application was signed by Julia Buffum as Manager of the landowner, Highland Holdings LLC, on February 29, 2024.

15. Ms. Buffum also executed an Amendment to Lease Agreement on behalf of Highland Holdings, LLC, authorizing Applicant to "apply for and appeal any zoning decisions related to outdoor cannabis cultivation." Stip. Ex. D.

---

[1] At trial, the Town's counsel acknowledged that the Zoning Administrator had made certain changes to the application based on his discussions with the applicant regarding the intended future use of the greenhouse. At trial it became clear that Applicant is not seeking approval to operate a commercial cannabis cultivation operation as part of this application.

[2] The Zoning Bylaws define "Agricultural Use" as "Land containing at least two acres which is used for raising livestock, or agricultural or forest products, including farm structures and the storage of agricultural equipment; riding and boarding stables; and as an accessory use, the sale of agricultural and forest products raised on the property." As the Court has previously noted, the classification of a cannabis establishment as "agriculture" may conflict with 7 V.S.A. § 869.

16. At trial, the Applicant clarified that his application only seeks approval to construct an accessory greenhouse/hoop house for gardening/growing food and possible personal cannabis cultivation. The application is not for commercial cannabis cultivation at this time.

17. The Zoning Bylaws do not expressly address cannabis cultivation. Stip. Ex. E.

18. The Applicant has applied to the Vermont Cannabis Control Board (CCB) for authorization to conduct outdoor commercial cannabis cultivation on the Property, but he has not yet received such authorization.

19. The proposed greenhouse will be smaller than the single-family residence on the Property and will be located in the northerly corner of the lot. It will not be visible from Brockways Mills Road.

20. As proposed, the lot and greenhouse meet all applicable dimensional requirements for the RR-1 district.

21. The greenhouse may be surrounded by a fence, with motion-sensing flood lights located on the easterly and westerly corners of the fence.[3]

22. The lights, which are on a timer, will only be operated at night and the direction of the lights can be changed to minimize impact on neighboring properties and the roadway.

23. The lights are presently installed on a chicken coop on the Property and are located less than 10' off the ground.

24. The Applicant is willing to work with neighbors to fine-tune any issues with lighting.

25. For fertilizer, the Applicant will use organic fertilizer/compost and may also use organic matter from the forest floor. There will be no chemical fertilizer used. The Applicant currently has an outdoor compost pile that will be sufficient to meet the needs of the project, at least initially.

26. The Applicant will use a drip irrigation-style water system and rainwater collection in connection with the proposed greenhouse.

27. Gardening waste from the greenhouse and any outdoor garden will be handled in the same manner as other gardening waste, and the Applicant has no plans to burn without a burn permit from the Town.

28. At least initially, the Applicant plans to use the greenhouse to grow a variety of vegetables and plants, including potentially cannabis, for personal use.

---

[3] The Applicant seeks authorization, but not a requirement, to build the fence depending on the ultimate use of the greenhouse.

29.     The application presently before the Court is simply to build a greenhouse for personal use, and possibly put up a fence, as an accessory structure, and not to operate the greenhouse as a business at this time.

30.     The Applicant may make further applications to the Town for future commercial use of the greenhouse and understands that he may be required to take additional security or safety requirements at that time.[4]   His present intention is to use the greenhouse primarily for non-commercial purposes.

## Discussion

We begin our discussion by focusing on what is requested by the application at issue in this case.  This is addressed by Applicant's Question 1, which asks whether the proposal is approvable as an accessory use.  On its face, the application (Stip. Ex. A) requests approval for an "accessory structure," stating: "I will be building a greenhouse.  20 x 60 ft[.]  There will be a fence surrounding it.  The fence will be 30 x 65 ft.  Total cost approx. $10,000.  There will be motion activated flood lights pointed away from the green house."  Notably, nothing in the application references a second principal use of the lot, commercial activities, operation of a Tier 2 cannabis cultivation facility, or agriculture.  These details were added to the application by the Zoning Administrator.  Thus, it is clear that Applicant applied for and currently seeks approval for the greenhouse as an accessory use for personal gardening purposes, not a greenhouse to be used commercially.

The Zoning Administrator referred the Applicant to the DRB for conditional use and site plan approval, even though accessory structures are listed as a permitted use in the RR-1 district.  The Applicant, who is pro se, did not appeal that referral and he does not raise directly in his Statement of Questions the issue of whether his project should have been reviewed as a permitted use.[5]  Nonetheless, by repeatedly stating that the application is one for a permitted use, we believe that such an issue is intrinsic to Applicant's Questions 1-5.

This Court's jurisdiction is limited by the Statement of Questions.  V.R.E.C.P. 5(f) ("The appellant may not raise any question on the appeal not presented in the statement as filed."); In re Garen, 174 Vt. 151, 156 (2002).  However, we may consider issues that are intrinsic to the statement of questions, even if they are not literally stated.  In re LaBerge NOV, 2016 VT 99, ¶ 15, 203 Vt. 98. Here, the Applicant has asked the Court five different ways to determine whether his proposed greenhouse should be allowed as an accessory use or structure in the RR-1 district.  Inherent in his

---

[4] The Zoning Bylaws authorize home businesses in Section 3133, subject to certain requirements.
[5] Applicant's Question 5 comes close to raising this issue directly, but does not do so.

questions is the issue of whether an accessory use or structure, listed as permitted use in the district, should be subject to conditional use and subject to site plan approval. It should not.

The DRB reviewed the subject application as a request for conditional use and site plan review, although its denial was premised only on the conclusion that Applicant was proposing to establish a second principal use – agriculture – on less than 2 acres in the RR-1 district. There was sufficient confusion at trial regarding the scope of the application that the other parties and the Court inquired of the Applicant regarding the scope of his application. Upon further inquiry, it became clear that Applicant seeks approval only for the greenhouse as an accessory structure for personal use. Commercial use(s) was not/were not contemplated by the application. While the Zoning Administrator converted the application based on the understanding that Applicant sought approval for a commercial cannabis operation, the Applicant has expressly limited the scope of the application, which is supported by the application initially submitted for review, such that he is not seeking approval for a commercial cannabis operation. The Applicant also agrees that any commercial cannabis operations will require future permit approvals from the Town. Therefore, we have correspondingly limited out review of the application to evaluate for compliance with standards applicable to an accessory structure, a permitted use.

The Court now turns to whether the application meets the definition of an accessory use.

Under the Zoning Bylaws, "Accessory Use or Structure" is listed as a permitted use in the RR-1 district. Stip. Ex. E. The Zoning Bylaws do not define "Accessory Use or Structure," but the term "Accessory Use *of* Structure" is defined as "[a] use of structure customarily incidental and subordinate to the principal use of building and located on the same lot." Id. (emphasis added). Notwithstanding the Town's concerns regarding what impact the introduction of a future commercial cannabis business may have on the Property and surrounding area, and its conformance with the Zoning Bylaws, a greenhouse, of the size and type proposed here, for personal food production and cultivation of cannabis for personal use, is both customarily incidental and subordinate to the principal residential structure on the Property.[6] As the Applicant observes, the Town has approved similar accessory structures in the RR-1 district in the past. Stip. Ex. F. This is not surprising, since greenhouses, garden/woodsheds, barns (both large and small), and similar structures that support rural residential living are ubiquitous in much of Vermont. Such accessory uses are also consistent with the purpose

---

[6] Further, considerations of a future, as-yet applied for use or venture requires the Court to make an impermissible advisory opinion as to whether that use, outside the scope of the application before the Court, would comply with the applicable regulations.

6

of the RR-1 district and its support for "mixed uses" and "moderate density development in a rural setting." Stip. Ex. E. Therefore, we answer Question 1 in favor of the Applicant and conclude, based on this application and the evidence at trial, that he is entitled to a zoning permit for a greenhouse, with a fence around it, as an accessory use in the RR-1 district.[7]

Given our conclusion regarding Question 1, we conclude that Applicant's Questions 2 through 5, each of which asks, in different ways, whether the proposed greenhouse should be allowed as an accessory use or structure in the RR-1 zoning district are moot.

Given the clarification provided by the Applicant regarding the scope of the application, and the discussion above, conditional use and site plan approval are not required for this project,[8] and no party raised any issue on appeal (including at trial) regarding the Applicant's conformance with the applicable conditional use and site plan review criteria. Stip. Ex. E, Sections 1613-1614, 2310. In clarifying his application, however, the Applicant agreed that he would be willing to conform the project to certain conditions, including that any commercial cannabis operations will require future permit approvals from the Town, that he would work with Neighbors to address any issues or concerns regarding lighting, and that no burning will occur without a burn permit. While the Court does not have authority to impose conditions on a permitted use, the Court notes that it need not impose conditions requiring an applicant to comply with the applicable zoning regulations, for instance applying for, and receiving, any permit approvals for amendments to a project or changes of use. Any failure to so comply with the regulations would potentially result in a zoning violation.

This concludes Applicant's appeal. This matter is remanded to the Rockingham Zoning Administrator for the limited purpose of issuing a zoning permit for a greenhouse, as described in Exhibit A, as an accessory structure. A Judgment Order accompanies this Merits Decision.

Electronically signed on June 30, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

[7] At trial, no party disputed that personal use of a greenhouse is an accessory use/structure.

[8] Section 2310.A of the Zoning Bylaws typically excepts "single and two family dwellings and their accessory structures" from site plan review.